HIRAM R. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49400. Promulgated to April 9, 1936.

*Howard A. Johnson, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

MCMAHON: This is a proceeding for the redetermination of a deficiency in income taxes for the year 1928 in the amount of $706.18.

It is alleged that the respondent erred in holding that a certain loss sustained by the petitioner in the amount of $11,250 was not sustained in the year 1928.

The petitioner is an individual with residence at Butte, Montana.

About 1913 the petitioner purchased for $11,250, certain bonds of the Butte-Duluth Mining Co., a corporation, receiving at the same time, as a bonus, certain common stock of that corporation of a par value of about half of the amount paid for the bonds.

On December 3, 1927, the sheriff of Silver Bow County, State of Montana, sold all of the property of the corporation under and by virtue of an order of sale issued by the District Court of the Second Judicial District of the State of Montana in and for the County of Silver Bow, in an action pending in that court, being the suit of A. J. Davis, as trustee, plaintiff, against the Butte-Duluth Mining Co., a corporation, et al. The sale was to satisfy a judgment "for damages, with interest and costs", amounting to $1,138,395.06. Upon such sale the property brought $47,172.75. The property was sold "subject to redemption at any time within twelve months from date of said sale, pursuant to the statute in such cases made and provided" and included equitable as well as legal title to its property.

After the sheriff's sale, and in 1927, petitioner asked other bondholders about charging his investment off on his income tax return for 1927. They advised him that that was not proper and that he should wait a year, since under the law there probably would be something done by the bondholders with regard to redemption of the property.

There were some prominent people who owned stock and bonds of this corporation who talked to the petitioner about forming some kind of an association of persons similarly interested to effect a redemption of the property. This was in 1927 after the sheriff's sale. They asked him several times if he would be willing to enter into such an association and he told them he would, but nothing was done toward redeeming the property and the property was not redeemed.

In 1928 petitioner went to another to have his income tax made out and explained the matter to him. He was advised to make a sale of his bonds to establish their worthlessness. Petitioner accordingly sold the bonds to his brother for $1. His brother did not own any bonds of the Butte-Duluth Mining Co.

Petitioner was not familiar with the affairs of the Butte-Duluth Mining Co.

Petitioner never received any interest on these bonds.

The petitioner did not, in 1927 or at any other time, receive anything as a result of this sheriff's sale.

The common stock of the Butte-Duluth Mining Co. was worthless prior to the year 1928.

The respondent determined that all of petitioner's loss, in question here, occurred in 1927.

Upon the foregoing facts which we find, the only issue presented is whether the petitioner is entitled to deduct the amount of $11,250, representing his investment in bonds and common stock of the Butte-Duluth Mining Co., from gross income of 1928. There is no controversy between the parties as to the amount of such investment. The respondent determined that the petitioner's loss occurred in 1927, from which it follows that he determined that the amount in question is not deductible from the gross income of 1928. The year 1927 is not now before us, the proceeding in so far as it purported to relate to the year 1927 having been dismissed for lack of jurisdiction upon motion of the respondent granted with the consent of the petitioner.

While the petitioner refers to a "loss" sustained by him, the evidence shows that his investment of $11,250 was for bonds, which are evidences of indebtedness and within the bad debt provisions of the applicable revenue act (*Mutual Life Insurance Co. of New York*, 23 B. T. A. 749; affd., 65 Fed. (2d) 1014; certiorari denied, 290 U. S. 670), and for common stock of the Butte-Duluth Mining Co., which is not evidence of indebtedness and is within the loss provisions of such revenue act. Losses are deductible in the taxable year in which actually sustained, whereas bad debts are deductible in the taxable year in which they are ascertained to be worthless and charged off. There are set forth in the margin the applicable provisions of the Revenue Act of 1928.[1]

The ruling of the Commissioner has the support of a presumption of correctness and the petitioner has the burden of proving it erroneous. *Welch* v. *Helvering*, 290 U. S. 111. Here the petitioner has failed to show that the respondent's determination is erroneous. On the contrary, there is considerable evidence in the record tending to sustain the respondent's determination.

The petitioner has failed to show us the nature of the suit of A. J. Davis, trustee, against the Butte-Duluth Mining Co. All we know

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

\* \* \* \* \* \*

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

\* \* \* \* \* \* \*

(j) *Bad debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

is that the judgment in such action was for damages with interest and costs, all in the amount of $1,138,395.06. We do not know whether Davis was trustee for the benefit of the bondholders, of which petitioner was one. Probably he was not, since the petitioner does not claim that such was the case. There is no evidence to show that the judgment did not have priority over the obligation of the bonds held by petitioner. We do not know the amount of the outstanding bonds and stock of the corporation.

Upon a consideration of all the facts and circumstances we have found as a fact, and now hold, that the common stock of the Butte-Duluth Mining Co. was worthless prior to 1928. Under the applicable statute the petitioner's investment in such stock should have been deducted prior to the taxable year 1928. Here petitioner has failed to show to our satisfaction that the bonds were not worthless prior to the year 1928 and that he should not have reasonably ascertained them to be worthless prior to 1928. However, assuming for purposes of discussion only that the investment in the bonds was not deductible prior to 1928, we are unable to allow any deduction on account of the bonds in 1928 for the reason that there is no evidence in the record upon which an allocation of the petitioner's investment of $11,250 can be made as between the bonds and the common stock. See *C. H. Mead Coal Co.*, 28 B. T. A. 599; affirmed in part and, upon other grounds, reversed in part, in *Mead Coal Co. v. Commissioner*, 72 Fed. (2d) 22.

It is the contention of the petitioner that his "loss" did not occur until 1928, when the right of redemption expired. Petitioner refers us to provisions of the law of the State of Montana [2] providing for a right of redemption within one year, by a stockholder, of property of a corporation sold in satisfaction of a judgment against the corporation, and further providing for a right of redemption by the corporation from such stockholder. It is to be noted that this is true as to a judgment in a suit other than a foreclosure suit.

The fact that it was proposed to form an association for the purpose of redeeming the property of the corporation is not determinative. The evidence shows that the association was not formed and that the property was never redeemed. This may be open to the inference that the property was not worth redeeming and so far as we know the respondent, in making his determination, may have drawn such inference. Furthermore, petitioner has failed to show that, even if the property had been redeemed, it could have been reasonably expected that any value would have resulted to either

[2] Secs. 9442 and 9444, Revised Codes of Montana, 1923–1927 Supplement; and sec. 9443, Revised Codes of Montana, 1921.

the common stock or bonds. It is to be remembered that at the time of the sheriff's sale there was outstanding against the Butte-Duluth Mining Co. a judgment in the amount of $1,138,395.06, whereas all the property of the corporation, legal and equitable, brought only $47,172.75 on the sheriff's sale. Hence there is evidence tending to show that the bonds were actually worthless prior to the year 1928.[3]

While it is true that debts are deductible in the year in which they are ascertained to be worthless, yet a taxpayer may not close his eyes to the obvious and ignore that which he reasonably should have known as to the worthlessness of the debts in any given year.[4] Hence, the fact that the petitioner testified that he determined to his own satisfaction that his investment in the stocks and bonds was lost in 1928 is not determinative.

There is evidence, and we have found, that, pursuant to advice, petitioner in 1928 sold his bonds to his brother for $1 to establish their worthlessness. This is not determinative. Under the statute a sale or other identifiable event is not a prerequisite to a taxpayer's right to a deduction for a bad debt, and such a sale for a nominal consideration can not operate to allow the deduction in the year in question when it should have been taken in a prior year.[5] As previously stated, the petitioner has not shown that the deduction for the investment in the bonds should not have been taken prior to 1928.

Upon the whole record the determination of the respondent is approved.

*Decision will be entered for the respondent.*

---

[3] See *Meritt J. Corbett,* 15 B. T. A. 698; affd., *Corbett* v. *Burnet,* 50 Fed. (2d) 492; certiorari denied, 284 U. S. 646.

[4] *Henry C. Heinz,* 28 B. T. A. 276; affd., 70 Fed. (2d) 461.

[5] *New York, Chicago & St. Louis Railroad Co.,* 26 B. T. A. 1229; affd., *New York, Chicago & St. Louis Railroad Co.* v. *Helvering,* 71 Fed. (2d) 956.